IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
ORANGEBURG DIVISION

| | | |
|---|---|---|
| Tracy Reynolds Creekmore, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Civil Action No. 5:11-256-RMG |
| vs. | ) | |
| | ) | |
| Michael J. Astrue, Commissioner | ) | |
| of Social Security, | ) | **ORDER** |
| | ) | |
| Defendant. | ) | |
| | ) | |

Plaintiff has brought this action pursuant to 42 U.S.C. § 405(g) seeking judicial review of the final decision of the Commissioner of Social Security denying her disability insurance benefits. In accord with 28 U.S.C. § 636(b) and Local Rule 73.02, D.S.C., this matter was referred to a United States Magistrate Judge for pre-trial handling. The Magistrate Judge issued a Report and Recommendation on June 22, 2012 recommending that the Commissioner's decision be affirmed. (Dkt. No. 31). No objections have been filed to the Magistrate Judge's Report and Recommendation. As more fully set forth below, the decision of the Commissioner is reversed and remanded for the Commissioner to weigh and reconcile the new and material evidence offered to the Appeals Council in accordance with *Meyer v. Astrue*, 662 F.3d 700, 707 (4th Cir. 2011).

**Legal Standard**

The Magistrate Judge makes only a recommendation to this Court. The recommendation

has no presumptive weight, and the responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261 (1976). The Court is charged with making a *de novo* determination of those portions of the Report and Recommendation to which specific objection is made. The Court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge. 28 U.S.C. § 636(b)(1).

The role of the federal judiciary in the administrative scheme established by the Social Security Act is a limited one. The Act provides that the "findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive . . . ." 42 U.S.C. § 405(g). "Substantial evidence has been defined innumerable times as more than a scintilla, but less than preponderance." *Thomas v. Celebrezze*, 331 F.2d 541, 543 (4th Cir. 1964). This standard precludes *de novo* review of the factual circumstances that substitute the Court's findings of fact for those of the Commissioner. *Vitek v. Finch*, 438 F.2d 1157 (4th Cir. 1971).

Although the federal court's review role is a limited one, "it does not follow, however, that the findings of the administrative agency are to be mechanically accepted. The statutorily granted right of review contemplates more than an uncritical rubber stamping of the administrative action." *Flack v. Cohen*, 413 F.2d 278, 279 (4th Cir. 1969). Further, the Commissioner's findings of fact are not binding if they were based upon the application of an improper legal standard. *Coffman v. Bowen*, 829 F.2d 514, 519 (4th Cir. 1987).

Under the regulations of the Social Security Administration, the Commissioner is obligated to consider all medical evidence and the opinions of medical sources, including treating physicians. 20 C.F.R. § 404.1545. This includes the duty to "evaluate every medical opinion we receive". 20 C.F.R. § 404.1527(c). Special consideration is to be given to the opinions of

treating physicians of the claimant, based on the view that "these sources are likely to be the medical professionals most able to provide a detailed, longitudinal picture of [the claimant's] medical impairment(s) and may bring a unique perspective to the medical evidence that cannot be obtained from objective medical findings alone or from reports of individual examinations, such as consultative examinations or brief hospitalizations." § 1527(c)(2). Under some circumstances, the opinions of the treating physicians are to be accorded controlling weight. Even where the opinions of the treating physicians of the claimant are not accorded controlling weight, the Commissioner is obligated to weigh those opinions in light of a broad range of factors, including the examining relationship, the treatment relationship, length of treatment, nature and extent of the treatment relationship, supportability of the opinions in the medical record, consistency and whether the treating physician was a specialist. § 1527(c)(1)-(5).

The consideration of medical opinions is not limited strictly to opinions generated during the disability period under question. Medical records and opinions generated subsequent to the relevant disability period may be used to retrospectively support disability during the relevant period. *Wilkins v. Secretary, Dep't of Health and Human Services*, 953 F.2d 93, 96 (4th Cir. 1991)("This court has recognized that a treating physician may properly offer a retrospective opinion on the past extent of an impairment."); *Wooldridge v. Bowen*, 816 F.2d 157, 160 (4th Cir. 1987) ("[M]edical evaluations made subsequent to the expiration of a claimant's insured status are not automatically barred from consideration and may be relevant to prove a previous disability.").

A claimant is permitted to offer relevant evidence to support his or her disability claim throughout the administrative process. Even after the Administrative Law Judge (ALJ) renders a

-3-

decision, a claimant who has sought review from the Appeals Council may submit new and material evidence to the Appeals Council as part of the process for requesting review of an adverse ALJ decision. 20 C.F.R. § 404.968, 404.970(b). The new evidence offered to the Appeals Council is then made part of the record. The Social Security Regulations do not require the Appeals Council to expressly weigh the newly produced evidence and reconcile it with previously produced conflicting evidence before the ALJ. Instead, the regulations require only that the Appeals Council make a decision whether to review the case, and, if it chooses not to grant review, there is no express requirement that the Appeals Council weigh and reconcile the newly produced evidence. *Meyer*, 662 F.3d at 705-06.

As the Fourth Circuit recently addressed in *Meyer*, the difficulty arises under this regulatory scheme on review by the courts where the newly produced evidence is made part of the record for purposes of substantial evidence review but the evidence has not been weighed by the fact finder or reconciled with other relevant evidence. *Meyer* held that as long as the newly presented evidence is uncontroverted in the record or all the evidence is "one-sided", a reviewing court has no difficulty determining whether there is substantial evidence to support the Commissioner's decision. *Id.* at 707. However, where the "other record evidence credited by the ALJ conflicts with the new evidence", there is a need to remand the matter to the fact finder to "reconcile that [new] evidence with the conflicting and supporting evidence in the record." *Id.* Remand is necessary because "[a]ssessing the probative value of competing evidence is quintessentially the role of the fact finder." *Id.*

## Discussion

Plaintiff applied for disability insurance benefits for the period on and after July 15, 2007.

-4-

Plaintiff's claims were primarily based on her long history of psychiatric disorders, including depression, anxiety disorder and affective disorder. Her application for disability benefits was denied and she timely sought review. A hearing was conducted before an ALJ on August 21, 2009, and the ALJ issued a decision on September 4, 2009 denying her claim. Record (hereafter "R.") at 16-24. In reaching his decision, the ALJ found Plaintiff had not engaged in substantial gainful employment since July 15, 2007 and that she had a combination of severe psychiatric impairments. R. at 18. The ALJ extensively addressed the opinions of Plaintiff's treating psychiatrist, Dr. Khizar Khan. While noting that Dr. Khan had offered opinions in January 2008 and April 2009 indicating that the Plaintiff had significant impairments in concentration and other skills necessary to function in the workplace, he had also offered an opinion in April 2008 indicating that his patient was capable of functioning in the workplace. R. at 541, 787-789, 784-786. The ALJ concluded that Dr. Khan had "impeached himself with his contradictory opinions" and accorded "significant weight" only to Dr. Khan's April 2008 opinion. R. at 21-22. The ALJ also gave weight to the opinions of non-physician mental health providers who apparently performed only chart reviews and did not examine or treat the Plaintiff. R. at 22, 502-518, 529-545.

After the ALJ issued his adverse decision, Plaintiff sought review by the Appeals Council and submitted new medical records and opinions. These included treatment notes of Dr. Khan from January through July of 2010, a mental health assessment allegedly performed by Dr. Khan on March 8, 2010 and a mental assessment performed by the Plaintiff's long-standing family physician, Dr. Jackson Bruce, on July 30, 2010. R. at 797, 799-801, 803-809, 812-813. The Appeals Council declined Plaintiff's request for review and noted that it had given no

-5-

consideration to the opinions of the newly submitted opinions of Dr. Khan or Dr. Bruce. These medical opinions indicated that Plaintiff had significant psychological impairments which likely rendered her incapable of performing adequately in the workplace. The Appeals Council stated that Dr. Khan's March 2010 opinion was not be considered because it was "unsigned and undated". Further, the Appeals Council stated that Dr. Bruce's opinion was not be considered because it had been produced eleven months after the ALJ's decision and he had "provided no indication that his opinion was being offered retrospectively." R. at 2. In declining to grant Plaintiff's request for review, the Appeals Council made no reference to the newly produced office notes of Dr. Khan, which included details of eight different office visits between January and July of 2010. R. at 797, 803-809. These records provided further documentation of Plaintiff's significantly comprised mental functions and appear to corroborate Dr. Khan's opinions of January 2008 and April 2009, which had been rejected by the ALJ.

It is clear to the Court that the information submitted by Plaintiff to the Appeals Council was new and material and contradicted evidence in the record upon which the ALJ relied in making his determination that Plaintiff was not disabled. This includes the examinations and opinions offered after the August 2009 ALJ hearing because they related to Plaintiff's long-standing psychiatric condition and tended to corroborate the opinions of Dr. Khan that are in contest in this matter. Further, the action of the Appeals Council in refusing to consider Dr. Khan's newly submitted March 2010 opinion because it was unsigned reflected a remarkable lack of diligence on the part of the Appeals Council. If there was any doubt as to the authenticity of the document, a simple follow up by the Appeals Council to require a re-submission of a signed document could have resolved this problem. Moreover, the rejection of the opinion of

Plaintiff's long-standing family physician, Dr. Bruce, simply because he did not explicitly state the opinion applied to the Plaintiff's condition prior to August 2009 appears equally dubious. If it was unclear if Dr. Bruce's opinion covered the time period before August 2009, the Appeals Council could have requested a clarification on this important matter.[1]

The March 2010 opinion of Dr. Khan and the July 2010 opinion of Dr. Bruce, two long-standing treating physicians of Plaintiff, are part of the record in this matter but they have not been weighed by the fact finder or reconciled with other, conflicting evidence in the record. This is also true for the newly submitted office records of Dr. Khan for the January - July 2010 time period. The Commissioner is obligated under the Fourth Circuit's holding in *Meyer* to weigh such evidence and reconcile this new evidence with the other evidence in the record. The regulations clearly require the Commissioner to "evaluate every medical opinion" and to "give good reasons . . . for the weight" given to the opinions of treating physicians. 20 C.F.R. § 404.1527(c). The reasons provided for ignoring this newly submitted evidence to the Appeals Council do not remotely meet this standard set by the regulations.

## Conclusion

Based upon the foregoing, the Court hereby **REVERSES** the decision of the Commissioner and **REMANDS** the matter for further proceedings consistent with this opinion pursuant to Sentence Four of 42 U.S.C. § 405(g).

---

[1] The record indicates that Dr. Bruce had been Plaintiff's treating family physician since at least 2007. R. at 473, 818.

AND IT IS SO ORDERED.

_____
Richard Mark Gergel
United States District Judge

July 13, 2012
Charleston, South Carolina