# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF SOUTH CAROLINA
## CHARLESTON DIVISION

RECEIVED
USDC. CLERK. CHARLESTON. SC

2012 SEP -4 P 12: 58

Tracy Reynolds Creekmore,       )
                                )
                Plaintiff,      )
                                )        Civil Action No. 5:11-256-RMG
        vs.                     )
                                )
Michael J. Astrue, Commissioner )
of Social Security,             )        **ORDER**
                                )
                Defendant.      )
                                )
_____)

This matter comes before the Court on Plaintiff's motion for an award of attorney's fees under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412. (Dkt. No. 37). Plaintiff seeks an award of $8,060.06 on the basis of an hourly rate of $184.23 per hour for 43.75 hours of legal work. Defendant objects to an award under EAJA, contending that the Government's litigation position on appeal was "substantially justified." (Dkt. No. 39). Defendant argues, in the alternative, that if an award under EAJA is deemed appropriate, the number of hours sought to be reimbursed is not reasonable.

Under the provisions of EAJA, parties prevailing against the United States are entitled to an award of attorney's fees unless the Government can carry its burden of demonstrating that its litigation position was substantially justified. 28 U.S.C. § 2412(d)(1)(A); *Crawford v. Sullivan*, 935 F.2d 655, 658 (4th Cir. 1991). "Substantial justification" is more than "merely undeserving of sanctions for frivolousness" and the Government's position must be "reasonable . . . both in

-1-

law and in fact." *Pierce v. Underwood*, 487 U.S. 552, 565-66 (1988). The Government's position is substantially justified where "a reasonable person could think it correct." *Id.* at 566 n.2.

This matter originally came before the Court on an appeal of the decision of the Commissioner denying Plaintiff disability benefits. In the course of the administrative process, Plaintiff submitted to the Appeals Council new and material medical records from two treating physicians. The Appeals Council denied Plaintiff's request for review but did not weigh the newly produced evidence or reconcile it with other conflicting and supporting evidence in the record. Instead, the Appeals Council declined to consider the records of one treating physician because they were unsigned and another because the physician did not explicitly set forth the period of time his opinion applied. This Court described the Appeals Council's rejection of this new and material evidence on these bases as reflecting "a remarkable lack of diligence" since issues of authenticity and the time period covered by the medical opinion could have easily been resolved by a simple request for clarification by the Appeals Council. (Dkt. No. 35 at 6-7). The Court noted that the Appeals Council's highly technical rejection of potentially probative evidence from two treating physicians was inconsistent with the regulatory obligation to "evaluate every medical opinion" and to "give good reasons . . . for the weight" given the opinions of treating physicians. 20 C.F.R. § 404.1527(c).

The Court also found the Commissioner's failure to weigh and reconcile the new and material evidence submitted to the Appeals Council to be contrary to the clear holding of the Fourth Circuit in *Meyer v. Astrue*, 662 F.3d 700, 707 (4th Cir. 2011). The Court is aware that the Commissioner has vigorously contested the obligation of the Appeals Council to weigh and

reconcile new and material evidence produced for the first time at the Appeals Council level, and after failing to persuade the Fourth Circuit in *Meyer* of the correctness of his position, has persistently argued a narrow interpretation of the decision that disregards the clear holding of the case in Section III of the opinion. Indeed, the memorandum of the Commissioner in this case fails to address his clear obligation to weigh and reconcile the new and material evidence submitted to the Appeals Council where the evidence is not "one-sided." *Meyer*, 662 F.3d at 707. In such a situation, remand is mandated so that the Commissioner, as the fact finder, can make "findings as to the treating physician's opinion and attempt to reconcile that evidence with the conflicting and supporting evidence in the record." *Id.* As the Fourth Circuit explained, "[a]ssessing the probative value of competing evidence is quintessentially the role of the fact finder. . . . Therefore, we must remand the case for further fact finding." *Id.*

The Court finds that the Commissioner has failed to carry his burden of demonstrating that his position in this matter was "substantially justified." 28 U.S.C. § 2412(d)(1)(A). Therefore, the Plaintiff's motion for an award of attorney's fees under EAJA is granted.

The Commissioner further objects to the number of hours (43.75) sought to be reimbursed on this appeal, arguing that such time was not "reasonably expended." (Dkt. No. 39 at 5). The Court has carefully scrutinized Plaintiff's brief in this matter and the time sheets submitted for reimbursement and finds there is some merit to the Commissioner's position. (Dkt. Nos. 19, 37-2). Therefore, pursuant to the standard of reasonableness set forth in 28 U.S.C. § 2412(d)(2)(A), the Court reduces the number of hours to be awarded to 35 hours. The Commissioner has not objected to Plaintiff's request for an hourly rate of $184.23 and the Court finds this rate is appropriate.

-3-

Finally, the Commissioner correctly notes that the award under EAJA must be made to Plaintiff. The Court orders that the Commissioner issue the award in the name of the Plaintiff and the check should be delivered to the office of Plaintiff's counsel.

### Conclusion

Plaintiff's motion for an award under EAJA is granted. Based upon the foregoing, the Court awards fees in the amount of $6,448.05 based upon 35 hours of reimbursed legal services at $184.23 per hour. The Commissioner is directed to make the check payable to Plaintiff and to deliver the check to the office of Plaintiff's counsel.

AND IT IS SO ORDERED.

Richard Mark Gergel
United States District Judge

Charleston, South Carolina
September ⅂, 2012

-4-